JENNIE T. B. BECKER, as Executrix of JAMES BRADY, Deceased, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

1. APPEAL — ASSUMPTION AS TO FACTS.  On appeal by plaintiff from a verdict directed in her favor for an undisputed minor item on dismissal of the complaint as to all other claims upon defendant's motion therefor, without the introduction of any evidence on its part, all the facts warranted by the evidence must, for the purpose of appeal, be assumed as settled in plaintiff's favor.

2. DIRECTED VERDICT — NEW TRIAL.  A new trial will be granted on appeal by plaintiff from a verdict directed in her favor for an undisputed item on dismissal of the complaint as to all other claims, upon defendant's motion, in an action for extra rock excavation properly made in a street improvement, but which the city surveyor refused to include in his final certificate, and for the amount of inspector's fees or overtime penalty charged against the contractor by reason of delay in the work, alleged to have been due to the mistakes of the city surveyor, where, from the evidence, the jury were at liberty to find that the final certificate of such surveyor was false and in bad faith, so that the plaintiff was entitled to have the case go to the jury in spite of the stringent provisions of the contract in respect to the conclusiveness of the final certificate.

3. PUBLIC IMPROVEMENTS — EXTRA WORK — MISTAKE OF CITY SURVEYOR.  A contractor is entitled to recover for losses suffered in the grading of a street by reason of the mistake of the city surveyor in fixing the center line, under a contract providing that the city surveyor shall, at the request of the contractor, designate and fix the grades, but that in giving them he shall be the agent of the contractor and the city shall not be liable for his errors therein, where the city, without request of the contractor, fixed the center line before the contractor began work and the contractor investigated the location of the center line on suspecting its inaccuracy and diligently sought to have it properly corrected and thereafter proceeded with the work on that line only upon being ordered so to do by the superintendent of streets, so that he cannot be said by acquiescence to have made the city surveyor his agent in respect thereof.

4. SAME.  The contractor is not entitled, however, to recover for losses suffered in the grading of a street by reason of the mistakes of the city surveyor in grades furnished under the contract, where the contractor, without objection, used such grades, although not requesting that they be furnished, thereby ratifying the surveyor's action and accepting him as his agent within the terms of the contract.

*Becker* v. *City of New York,* 63 App. Div. 615, reversed.

(Argued February 4, 1902; decided March 25, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 29, 1901, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant.    The court having refused to allow the case to go to the jury, and having directed a verdict against the plaintiff, she is entitled to the most favorable inferences deducible from the evidence, and the facts are to be treated as established in her favor. (*Higgins* v. *Eagleton*, 155 N. Y. 466 ; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Bank of Monongahela Valley* v. *Weston*, 159 N. Y. 201.)    The plaintiff was entitled to recover on the conceded proof for work done under the contract, 5,488 cubic yards of rock excavation, which the engineer in charge of the work wrongfully refused to include in his certificate, at the contract price of eighty-five cents per cubic yard, amounting to $4,666.80. (*Glacius* v. *Black*, 50 N. Y. 145 ; *Fudickar* v. *G. M. L. Ins. Co.*, 62 N. Y. 392; *O'Brien* v. *Mayor, etc.*, 139 N. Y. 543; *Burke* v. *Mayor, etc.*, 7 App. Div. 128 ; *Dorwin* v. *Westbrook*, 33 N. Y. Supp. 449.)    The plaintiff was also entitled to recover the sum of $2,044 deducted for overtime penalty, because the conceded evidence shows that the delays charged against the contractor were occasioned by the large increase in the rock excavation and filling required under the contract and by the errors of the surveyor in giving lines and grades. (*Phelan* v. *Mayor, etc.*, 119 N. Y. 96 ; *Van Aiken* v. *Mayor, etc.*, 18 App. Div. 89 ; *Grube* v. *Schultheiss*, 57 N. Y. 669 ; *Weeks* v. *Little*, 89 N. Y. 566 ; *Lawson* v. *Hogan*, 93 N. Y. 39 ; *Willis* v. *Webster*, 1 App. Div. 301 ; *Simmons* v. *O. C. Co.*, 21 App. Div. 30.)    The plaintiff is also entitled to recover the sum of $9,724, the increased cost of the work occasioned by the mistakes in the lines and grades given by the engineer in charge. (*Mulholland* v. *Mayor, etc.*, 113 N. Y. 631 ; *Horgan* v. *Mayor, etc.*, 160 N.

Y. 516; *McCann* v. *City of Albany*, 11 App. Div. 378; 158 N. Y. 634.) Both the provisions of the revised ordinances and of the contract show that in the direction of the work the surveyor acted as the agent of the city. (*Maxmilian* v. *Mayor, etc.*, 62 N. Y. 160; *Missano* v. *Mayor, etc.*, 160 N. Y. 123; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Conrad* v. *Village of Ithaca*, 16 N. Y. 158.) There are no clauses in the contract which relieve the city from liability for the increased cost occasioned by the acts of its agent, the surveyor. (*Becker* v. *City of New York*, 53 App. Div. 309.) Even if the clause providing that the surveyor should be considered the agent of the contractor is applicable, the defendant would not be relieved of responsibility, because it would be inoperative and void by public policy. (*Supreme Lodge* v. *Withers*, 177 U. S. 260; *Whited* v. *G. F. Ins. Co.*, 76 N. Y. 415; *Partridge* v. *C. F. Ins. Co.*, 17 Hun, 95.) The defendant is liable for the increased cost occasioned in any event, because it expressly appears that its officer and agent, the superintendent of street improvements, assumed the responsibility of giving grades and lines, and there are no clauses in the contract relieving the defendant for his wrongful acts and omissions. (*Becker* v. *City of New York*, 53 App. Div. 311; *Missano* v. *Mayor, etc.*, 160 N. Y. 123; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Conrad* v. *Village of Ithaca*, 16 N. Y. 158.) The receipt given by James Brady in no way constitutes an accord and satisfaction, and is not a bar to this action. (*Holmes* v. *Jones*, 121 N. Y. 461; *Van Aiken* v. *Mayor, etc.*, 18 App. Div. 89.)

*George L. Rives, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. The record is destitute of any proof that the final certificate is " false, fraudulent, untrue and made in bad faith." In the absence of such proof the final certificate is binding and conclusive upon the contractor. (*Burke* v. *Mayor, etc.*, 7 App. Div. 128; *Smith* v. *Mayor, etc.*, 12 App. Div. 391; *Sewer Comrs.* v. *Sullivan*, 11 App. Div. 472; *Quinn* v. *Mayor, etc.*, 16

App. Div. 409; *N. Y. B. Co.* v. *S. El. Co.*, 56 App. Div. 294; *Gearty* v. *Mayor, etc.*, 62 App. Div. 72; *Thileman* v. *Mayor, etc.*, 66 App. Div. 455; *B. & O. R. R. Co.* v. *Dryden*, 65 Md. 198; *Lynn* v. *B. & O. R. R. Co.*, 60 Md. 404, 415; *M. & P. R. R. Co.* v. *Marsh,* 114 U. S. 549, 553; *C. & S. F. R. R. Co.* v. *Price*, 138 U. S. 185, 195; *United States* v. *Gleason*, 175 U. S. 588, 607.) Conceding that the final certificate is erroneous in that it does not include the 7,728 yards of rock excavated by the contractor, it was the duty of the contrator to demand a proper certificate, and he is bound to produce it or show that it has been demanded and unreasonably withheld. (*Bryan* v. *Low*, 109 N. Y. 291; *Sweet* v. *Morrison*, 116 N. Y. 19; *O'Brien* v. *Mayor, etc.*, 139 N. Y. 543; *Beardsley* v. *Cook*, 143 N. Y. 143; *Smith* v. *Briggs*, 3 Den. 73, 76; *Adams* v. *Mayor, etc.*, 4 Duer, 295; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Butler* v. *Tucker*, 24 Wend. 447.) Assuming that the city would be responsible for any erroneous grades given by Slater, which were erroneous, there is no evidence that Slater ever gave any such grades. (*Becker* v. *City of New York*, 53 App. Div. 311.) The clause in the contract providing that the surveyor should be considered as the agent of the contractor is operative and binding on the parties and is not void as against public policy. (*Sexton* v. *M. C. M. Ins. Co.*, 9 Barb. 191; *Kabot* v. *P. M. L. Ins. Co.*, 21 N. Y. S. R. 203; *Rohrbach* v. *G. F. Ins. Co.*, 62 N. Y. 47; *Alexander* v. *G. F. Ins. Co.*, 64 N. Y. 464; *Wilber* v. *W. C. F. Ins. Co.*, 122 N. Y. 439; *Allen* v. *G. A. Ins. Co.*, 123 N. Y. 6; *Stewart* v. *U. M. L. Ins. Co.*, 155 N. Y. 257; *Baker* v. *H. L. Ins. Co.*, 2 Hun, 402; *Wood* v. *F. F. Ins. Co.*, 126 Mass. 316; *Mulrey* v. *S. M. F. Ins. Co.*, 4 Allen, 116.) A party may waive a rule of law, or a statute, or even a constitutional provision, enacted for his benefit or protection, when it is exclusively a matter of private right, and no consideration of private morals are involved, and having once done so, he cannot subsequently invoke its protection. (*Sentenis* v. *Ladew*, 140 N. Y. 463; *Mayor, etc.*, v. *M. R. Co.*, 143 N. Y. 126; *Matter of N. Y., L. E. & W. R. R. Co.*, 98

N. Y. 447; *Lowry* v. *Inman*, 46 N. Y. 129; *Foley* v. *Royal Arcanum*, 151 N. Y. 196; *Mayor, etc.,* v. *Sonneborn*, 113 N. Y. 423; *City of Buffalo* v. *Balcom*, 134 N. Y. 532; *B. G. L. Co.* v. *Cluffy*, 151 N. Y. 24; *Perkins* v. *W. Ins. Co.*, 4 Cow. 645.) The evidence totally fails to show that prior to the commencement of the action the plaintiff demanded of the defendant that he make a certificate of the number of days' delay caused by the defendant, as required by the contract. (*People ex rel.* v. *Coler*, 35 App. Div. 401; *Gearty* v. *Mayor, etc.*, 62 App. Div. 72; *McEntyre* v. *Tucker*, 5 Misc. Rep. 228; *Van Aiken* v. *Mayor, etc.*, 18 App. Div. 89; *Leeson* v. *City of New York*, 65 App. Div. 105.) The plaintiff is not entitled to recover anything on the second cause of action. (*Sullivan* v. *Village of Sing Sing*, 122 N. Y. 389.) The receipt in full, given by James Brady, constitutes an accord and satisfaction, and is a bar to this action. (*Gearty* v. *Mayor, etc.*, 62 App. Div. 72; *Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *C., etc., Ry. Co.* v. *Clark*, 178 U. S. 353.)

BARTLETT, J. The plaintiff is the assignee of the claim of one Benjamin J. Carr, Junior, a contractor, arising under a contract made with him by the city of New York on November 13th, 1889, for regulating and grading Claremont avenue, from 122nd street to 127th street.

This action has been twice tried. The first trial resulted in a verdict directed for the plaintiff upon the first and second causes of action set forth in the complaint, the third and fourth causes of action being dismissed. Judgment was entered upon this verdict in favor of the plaintiff for $22,670.57. The Appellate Division reversed this judgment and ordered a new trial unless the plaintiff consented to reduce her recovery to the sum of $325.00, the amount of the repair security retained by the city. The decision of the Appellate Division was by a divided court. The plaintiff declined to accept the terms tendered and went back for a new trial which resulted in a directed verdict in her favor for the sum of $325.00, the

amount of the repair security retained by the city, and a dismissal of the complaint, on motion of defendant, as to all other claims. The Appellate Division affirmed this judgment without opinion, and that determination is now before us for review.

The complaint contains four causes of action; the third and fourth were dismissed at the last trial and are not involved in this appeal.

The first cause of action embraces the undisputed item of $325.00; the sum of $2,044 inspectors' fees alleged to have been wrongfully charged against the contractor and deducted from the amount due him under the contract; the sum of $6,656.80 for excavating 7,728 cubic yards of rock, at the contract price, which the city surveyor wrongfully refused to include in his final certificate.

The second cause of action seeks to recover $9,724, the alleged increased cost of the work occasioned by mistakes in lines and grades given by the city surveyor.

To the first and second causes of action, excepting the sum of $325.00 admitted as aforesaid, the city interposes, *first*, the defense that the items of inspectors' fees and omitted rock excavation are not included in the city surveyor's final certificate under the contract; *second*, that the city of New York, under the terms of the contract, is not liable for increased cost of the work occasioned by mistakes in lines and grades given by the city surveyor.

It is claimed by the counsel for the appellant that entirely distinct and separate from the claim for increased cost of the work occasioned by mistakes in lines and grades given by the city surveyor, and considering only the legitimate extra work under the contract, it would reduce the amount charged against the contractor for inspectors' fees from $2,044.00 to $1,680.00, and would leave due him for extra rock excavation, not included in the final certificate of the city surveyor, the sum of $4,666.00 of the $6,656.80 demanded in the first cause of action.

The contract provides in regard to the certificate of the

city surveyor as follows : " And the said party of the second part further agrees that the return of the city surveyor having charge of the work shall be the account by which the amount of materials furnished and work done shall be computed, and that he shall not be entitled to demand or receive payment for any portion of the aforesaid work or materials until the same shall be fully completed in the manner set forth in this agreement, and such completion shall be duly certified by the surveyor, inspector and superintendent of street improvements in charge of the work, etc."

On the second trial the appellant swore one Amiot, a Canadian engineer, who was, at the time of this contract, an assistant of Slater, the city surveyor, in charge of the execution thereof. Amiot swore that there were 30,071 cubic yards of rock taken out under this contract ; that of this amount 2,240 cubic yards of rock removed from between the line of the old and new grade were included in this quantity named of 30,071 cubic yards, which deducted leaves 27,831 cubic yards of rock excavation actually done under the contract and necessary for its performance without regard to the mistakes in lines and grades. The surveyor only allowed 22,343 cubic yards of rock excavation in his final certificate. This leaves 5,488 yards omitted from final certificate not affected by mistakes in lines and grades. On this point Amiot testified that the city surveyor told him that this difference was not included in the final certificate for the reason that the contractor was not to be paid for one yard of rock more than was originally estimated.

As bearing on this statement of the city surveyor, plaintiff read in evidence a letter written by the city surveyor to William M. Dean, superintendent of street improvements, dated August 20th, 1891.

This amount so originally estimated is contained in the notice that is attached to the contract and made a part thereof, to the effect that there are 16,794 cubic yards of earth excavation and 11,135 cubic yards of rock excavation, and in this letter, so read in evidence, the city surveyor admits that these

figures were accidentally transposed, and that the earth excavation should be the lesser amount and the rock excavation the greater amount. The city surveyor states in the letter as follows: "This is principally due to the fact that my assistant, who during my illness, made the preliminary survey, did not allow for excavation of said grade, and that the figures of earth and rock excavation were transposed and reversed. * * * Again expressing my regret that this error in the preliminary estimate occurred during my illness and assuring you that I shall not allow such estimate to be made except when I am able to give the work my personal attention so as to prevent errors, I am, etc."

The argument of the appellant is that the city surveyor was not particularly anxious to swell the amount of rock work in his final estimate owing to this accidental underestimate in the preliminary survey.

The appellant in order to meet the provision in the contract, that this final certificate was conclusive upon him, alleged in his complaint that said certificate and return " are false, fraudulent, untrue and made in bad faith, and that it does not contain 7,728 cubic yards of rock excavation, being work actually done under said contract by the contractor and for which he is entitled to payment."

The appellant insists that the testimony of Amiot and others and the letter above referred to, are sufficient, standing uncontradicted as they do, to justify the charge that the certificate is false, fraudulent, untrue and made in bad faith.

The corporation counsel argues in his brief, even if the final certificate is erroneous, in that it does not include extra rock excavation, that it was the duty of the contractor to demand a proper certificate, and he is bound to produce or show that it has been unreasonably withheld. The complaint alleges this demand for certificate and the contractor testified to having made it.

We now come to the important question, whether the city or the contractor is to bear the losses resulting from the erroneous center lines and grades given by the city surveyor.

A brief statement of the facts is necessary before consider-
ing this legal question.   On the 13th of November, 1889, this
contract was executed.   On the following day the contractor
received notice to commence work.   On the 15th of Novem-
ber Slater, city surveyor, assigned to the supervision of this
contract, received the following letter : " Mr. James B. Carr,
Jr., contractor for regulating and grading Claremont avenue,
from 122nd street to 127th street, has been notified to com-
mence work on Wednesday, November 20th, 1889.   (Signed)
Richard Seibold, for superintendent of street improvements."
On this letter the following was underwritten : " You will
please furnish him with all necessary *grade lines*, and also
make examination and certify to this bureau if there will be
any alterations in the total amount of the work to be done
caused by the excavation or filling for the line of work since
making preliminary survey."

The contractor testified that before going to work Mr. Dean,
the superintendent of street improvements, told him *that he
would find center stakes upon the line of the work.*   The con-
tractor testified that when he went on the premises to com-
mence work center line stakes were in position, and that he
had not requested this work to be done.   These center stakes
purported to designate the distance from the center of the
street to the house line, and to show the width of the excava-
tion to be made.

After the work had proceeded two or three days the con-
tractor swears that a man named Grassnock came upon the
work accompanied by a boy, who informed him that he was
the city surveyor's assistant and had been sent there; that
Grassnock went along the line of the street and changed the
center line stakes slightly; that the work then proceeded for
a period of about eight months, working from this alleged
center line.   At the end of that time the contractor employed
a surveyor on his own account and found that the center line
was not correct, but was twelve inches away from the true
line.   The contractor in July, 1890, communicated this dis-
covery to the city surveyor, who came there and moved the

line a distance of four inches only, notwithstanding that, according to the contractor's private surveyor, the line was still eight inches out of the way. The contractor then wrote Dean, the superintendent of street improvements, and told him of the discrepancy discovered by his own surveyor, and that the city surveyor had gone over the line again, and that there was still a variation of eight inches from the true line, and closes as follows : " Please to notify me if I shall continue according to the lines of the engineer in charge."

The titles " city surveyor " and " city engineer " are synony-mous. The letter was dated July 18th, 1890.

On the 21st of July the superintendent of street improve-ments replied as follows : " You will proceed with your work of regulating and grading, etc., of Claremont avenue from 122nd street to 127th street in accordance with the grade lines and stakes as given by Mr. Slater, the surveyor in charge." The contractor proceeded in pursuance of this direction, but subsequently a third set of stakes was given by Mr. Amiot, the assistant to Mr. Slater, and these designated the proper center line. These errors, before the correct line was given, resulted in the contractor excavating too far east on the one side and not far enough west on the other for a distance of about 600 feet. After his work was finished for this distance he was compelled to go back and correct these errors. Further-more, it appears, without going into the details of the evidence, that when the work was nearly completed new grades were given, which compelled the contractor to excavate to a greater depth than had originally been done, and which necessitated the bringing back of his plant and the digging out of the rock in small quantities.

The substance of the contractor's evidence on the second trial is that he did not demand of the city surveyor the fixing either of the center line or the grades and that he suffered the losses alleged in the first and second causes of action by reason of these errors, for which he was in no way responsible.

The defendant for a defense to the claim that it is liable for losses sustained by the contractor on account of mistakes

made in lines and grades by the city surveyor invokes the general provisions of the contract and more particularly the following clauses:

"The party of the second part admits and agrees that the amounts and quantities of materials to be furnished and work to be done, as stated in the proposals for estimates for said work, are approximate only; that he is satisfied with the foregoing estimate in determining the prices according to which he agrees to do the work required by this contract in accordance therewith, and that he shall not and will not, at any time, dispute or complain of such statement, nor assert that there was any misunderstanding in regard to the depth of the excavation to be made, or the nature or amount of the materials to be furnished or work to be done; and he covenants and agrees that he will complete the entire work to the satisfaction of the commissioner of public works and in substantial accordance with the said specifications and the plan therein mentioned, and that he will not ask, demand, sue for or recover for the entire work, any extra compensation beyond the amount payable for the several classes of work in this contract enumerated, which shall be actually performed, at the prices therefor herein agreed upon and fixed.      *      *      *"

"A city surveyor will be employed by the parties of the first part to see that the work is completed in conformity to the profile and to ascertain and certify the quantity of work done. Said surveyor *at the request of the contractor* will be directed to designate and *fix grades* for his guidance during the progress of the work without charge, provided that the said parties of the first part shall not be liable for any delay or for any errors of said surveyor in *giving such grades*, and said surveyor shall be considered as the agent of the contractor so far as *giving such grades* is concerned and not the agent of the city of New York."

It must be admitted that the causes of action and lines of proof in this case are intermingled and complicated, and it is somewhat difficult to lay down clearly the rules that should govern the new trial which we feel constrained to grant.

The defendant saw fit to introduce no evidence, and moved to dismiss the complaint, with the exception of a trifling item never disputed. It follows that all the facts warranted by the evidence must be assumed as settled in favor of the plaintiff for the purpose of this appeal. (*Stone* v. *Flower*, 47 N. Y. 566; *First Nat. Bank* v. *Dana*, 79 N. Y. 108; *Bank of Monongahela Valley* v. *Weston*, 159 N. Y. 208.)

In view of the evidence already pointed out, we are of opinion that the triers of fact were at liberty to find that the final certificate of the city surveyor was false and made in bad faith.

This being so, the plaintiff was entitled to go to the jury on several questions of fact notwithstanding the very stringent provisions of the contract.

The final certificate shows upon its face that there was legitimate extra work performed by the plaintiff's assignor under this contract for which he was entitled to compensation at the rates therein specified. With the final certificate thus possibly impeached, the jury should have been permitted to fix the amount of the extra work. The contractor's time bid for this work was 200 days, while the certificate allowed him 448 days, and the plaintiff claims more.

The rock excavations in the final certificate largely exceeded the amount originally estimated, and the plaintiff claims a greater quantity.

The overtime penalty seems to have been applied erroneously, but the extent thereof should properly await the developments of another trial.

All of these items are entirely distinct from the losses which the plaintiff alleges her assignor suffered by reason of the mistakes in the lines and grades given by the city surveyor.

We are not able to agree with the plaintiff that her assignor was entitled to recover from the defendant all of the losses he suffered by reason of the mistakes made by the city surveyor in giving lines and grades.

Full force and effect must be given to the provisions of the contract defining the duties of the city surveyor and requir-

ing him to fix grades, upon request of the contractor and without charge, he being considered as the contractor's agent while so engaged.

It is not necessary that the contractor should have affirmatively requested the city surveyor to designate and fix grades in order to constitute the latter his agent.

If the city surveyor came upon the work and proceeded to fix grades, the contractor making no objection, the latter should be held, under the terms of the contract, to have ratified his action and accepted him as his agent.

It is to be observed that this clause of the contract does not in terms refer to lines, or center lines, but requires the surveyor to "designate and fix grades." It may be that the designation and fixing of grades includes the giving of lines and center lines.

The scope of the phraseology of this clause, as technically employed, has not been discussed by counsel, and we do not pass upon it at this time.

A careful consideration of the contract, and the facts that are deemed conclusively established for the purpose of this appeal, lead us to the conclusion that such losses as the contractor sustained by the fixing of the erroneous center line may be properly recovered in this action.

It appears that Dean, the superintendent of street improvements, told the contractor, before he entered upon performance of the contract, that he would find center stakes upon the line of the work, which proved to be the fact.

Two or three days after the work was begun a man appeared, who was not the city surveyor, and made some slight changes. Thereupon, the contractor proceeded for some time with the work, when he became convinced that the center line so furnished him by the city, in advance of his entering upon the performance of the contract, was erroneous, and employed a surveyor at his own expense to locate it. This resulted in the discovery that the line was twelve inches out of the way.

This deviation was communicated by the contractor to the

city surveyor, and the latter after examination moved the line only four inches. Thereupon the contractor, as already pointed out, wrote to the superintendent of street improvements, stating the discrepancy of one foot in the center line as ascertained by his private surveyor, informed him of the partial correction by the city surveyor and asked if he should proceed according to this last line, and the superintendent of streets directed him, in a letter already quoted, to do so.

It cannot be reasonably said that under this state of facts, the contractor had, by acquiescence, made the city surveyor his agent. On the contrary, the contractor was reasonably alert to discover the correct center line and followed the one furnished him, which he had been advised by his own surveyor was inaccurate, only when the superintendent of street improvements, after being fully advised as to all the facts, ordered him to do so.

The loss sustained by the contractor, due to this inaccurate center line, is a proper charge against the defendant and may be recovered in this action. On the other hand, the loss suffered by the contractor on account of mistakes in grades furnished him by the city surveyor, other than the fixing of the center line, is not recoverable in this action, as such mistakes must be regarded as the act of the contractor's agent, the city surveyor, under the terms of the contract to which reference has been made.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

GRAY, J. I vote for a reversal of the judgment and for a, new trial of the action upon these two grounds, only:

I. Whether the delays in the completion of the work were due to "any act or omission" on the part of the defendant was a question of fact, which was for the jury to pass upon, in determining whether the defendant was entitled to deduct the sum of $2,044 for overtime penalty.

II. While I regard the contract as binding upon the contractor and as compelling him to complete the work upon the

street, according to the plan, profile and specifications, it does not exempt the defendant from liability for errors in giving the center line of the proposed street. The exemption is only as to errors in giving the grades. Therefore, the error in giving the false center line was one for which the defendant should be responsible, to the extent of the additional work of excavation and filling in, which the contractor was compelled to do upon the sides of the new street.

PARKER, Ch. J., O'BRIEN and CULLEN, JJ. (GRAY, J., in result in memorandum), concur; HAIGHT and WERNER, JJ., absent.

Judgment reversed, etc.