## BECKER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 5, 1902.)

1. CONTRACT WITH CITY—CONSTRUCTION.

Though a contract with a city for grading a street provided that the engineer was the agent of the contractor in fixing the grades, the contractor having called the attention of the city to an error in the grades, and notwithstanding his objection was directed to proceed in the way determined by the engineer, the contractor was entitled to recover for excavation and filling required through the error.

2. SAME—LIQUIDATED DAMAGES—INTEREST.

A claim for a certain number of cubic yards of excavation under a contract for grading a street, wrongfully excluded from the engineer's certificate, was a liquidated claim, and interest thereon was properly allowed.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Jennie T. B. Becker, as executrix of James Brady, deceased, against the city of New York. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Chase Mellen, for appellant.
L. Laflin Kellogg, for respondent.

O'BRIEN, J.   The action was brought to recover under a contract which plaintiff's assignor made with the city of New York on November 13, 1889, for the regulating and grading of Claremont avenue, and the principal claims are for excavation and filling required through error on the part of the engineer, for fees wrongfully deducted as overtime charges, and for work wrongfully excluded by the city from the engineer's certificate.   We do not feel called upon to enter into any extended statement of the facts or argument, as these fully appear from the former opinion of this court (53 App. Div. 301, 65 N. Y. Supp. 899) and the opinion of the court of appeals (170 N. Y. 219, 63 N. E. 298).   The legal questions presented have been determined by the court of appeals, and the new trial has been had upon the lines laid down in the opinion of that court.   The main question in dispute arose by reason of the error in setting the stakes for the center line of the avenue and the error in fixing the grades. There being evidence that the stakes had been placed by the city before the contractor commenced work, and that he had made objection, and been directed to proceed in accordance with the center line thus fixed, the court of appeals held that it was competent for the jury, upon finding such facts, to allow the plaintiff to recover, notwithstanding the provision in the contract which made the engineer the agent of the contractor.   With respect to the grades, it was left open by the court of appeals as to whether there could be recovery; but it was intimated that upon the former trial there was

no sufficient evidence that the contractor had, after objection, proceeded with his work in accordance with such grades under compulsion or by direction of the city authorities. That question, therefore, remained to be determined upon the new trial. As the result of such trial, however, it now appears that there was no real difference between the attitude of the contractor with respect to the grades and his attitude respecting the center line furnished by the engineer; the jury, by their verdict, having found that the contractor had called attention to what he claimed was an error in the grades, and, notwithstanding such objection, was ordered and directed to proceed with his work in a way determined by the engineer. In this connection it will be noticed that the letter sent by Mr. Dean, the superintendent, when the contractor pointed out the error in the center line, directed him to proceed "in accordance with the grade lines and stakes as given" by the engineer in charge of the work.

Upon the subject of overtime the verdict of the jury is controlling in holding the city responsible for the delays and for the additional work which resulted from the errors of the engineer, and, as a consequence, refusing to allow any deduction for overtime. Looking into the extent and character of the additional work occasioned by the errors and the additional days thereby required to complete the contract, a calculation shows that the time expended by the contractor was not excessive. So, too, with regard to the claim for rock excavation, wrongfully excluded from the engineer's certificate, the testimony of the engineer's assistant as to the rock which was actually removed by the contractor supports the jury's finding.

The appellant's final point is that the court erred in charging the jury that plaintiff was entitled to interest upon an unliquidated part of the claim. An examination of the charge to the jury shows that they were permitted to add interest upon the three items making up the first cause of action, namely, on $325, retained by the defendant as security, and concededly belonging to plaintiff; $2,044, wrongfully deducted as overtime charges; and $6,568.80, the contract price for 7,728 cubic yards of rock excavation at 85 cents a yard, wrongfully excluded from the certificate by the engineer. Upon the items of the second cause of action of $8,520 for 2,130 cubic yards of rock excavated because of the error of the engineer, at a fair compensation of $4 per cubic yard, $852 for 2,130 cubic yards of filling required for the same reason, and fairly worth 40 cents per cubic yard, and $352 for 88 cubic yards of rock excavation owing to error in the center line, reasonably worth $4 per cubic yard, no interest was permitted nor actually given by the jury. On the first cause of action the award was $10,584.42, which is the sum of the three items mentioned, with interest, and on the second cause of action $9,724, the exact sum of the items named, without interest. The defendant's contention, therefore, that the court erroneously allowed the jury to award interest upon the claim for rock excavation which was unliquidated is without merit; for the claim for rock excavated under the contract, but wrongfully excluded from the engineer's certificate, was as much a liquidated claim as was the charge for overtime. No interest was allowed on the rock excavated by reason of the error

of the engineer in fixing the lines and grades. Had there been, the appellant's argument would apply.

Our conclusion, therefore, is that the judgment and order appealed from should be affirmed, with costs.

HATCH and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., and INGRAHAM, J., dissent.