Barnet, J., delivered the opinion of the court :
This is a suit to recover for additional cost of construction incurred in the erection of several buildings at the Bosebud Indian Agency, S. Dak., under a contract between the plaintiffs and the Commissioner of Indian Affairs dated August 24, 1896, and approved September 10, 1896. The contract provided that the plaintiffs should furnish all labor and materials for the completion of the buildings, except the brick, and to have the buildings ready for occupancy within twTo hundred and forty days after the date of the approval of the contract or suffer a penalty of $50 per day for delay beyond that time. The buildings were completed satisfactorily to the Government May 5, 1897, and the contract price of $46,625 paid to the plaintiffs without any deductions for delay.
I. The findings show, and it is conceded by the Government, that there was considerable delay in the furnishing of the brick; and when furnished, they came in driblets and unsorted, being of all sizes, colors, and shapes. Shortly after the approval of the contract the plaintiffs were notified by the proper authorities that a large quantity of brick were on the ground ready for the work to begin, whereupon they proceeded to the location to begin the work, taking with them a large body of skilled workmen. This preparation was necessary because the place where the buildings were to be erected was a long distance from any labor market. *445 When the plaintiffs arrived at the Rosebud Agency with their workmen they found no brick on hand which the government inspector would allow them to use; and none came for at least twenty days; in the meantime all of these skilled laborers were compelled to remain idle. After the expiration of twenty days brick of all sorts, sizes, and colors began to arrive, which the plaintiffs were compelled to sort out before they could be used, and even this motley supply of brick came in so slowly that for some time only a part of the plaintiffs’ workmen could be employed.
That the plaintiffs should recover in this suit for all the loss directly occasioned by this delay is not contested by the Government. (Cotton v. United States, 38 C. Cls. R., 536-547; Snare & Triest Co. v. United States, 43 C. Cls. R., 36A-367.) It is contended, however, that the facts proven and found by the court are not sufficient in detail to warrant the court in rendering a.judgment in any definite sum for this item of loss. It is true that the facts as to this loss were not proven in the detail which the court would have liked, but they fully justify the finding as made, which we think authorizes the finding of a loss of at least $1,280.
II. This delay on the part of the Government in supplying the brick pushed the completion of the outside walls of the buildings far into the winter, necessarily entailing considerable unusual expense in laying the brick.
It is contended by the Government that even if there had been no delay, as found, the outside walls would not have been fully completed before the approach of severe weather, and that the contract premeditated this expense by stipulating that the plaintiffs should “ provide stoves and fuel in cold weather for heating the building, etc.” It may be true that without delay the outside walls would not have been fully completed before cold and freezing weather set in, although that is doubtful; but the findings show that if it had not been for the delay occasioned by the Government the larger part of the work would have been completed. The language of the contract above quoted indicates this expectation by the parties, providing, as it does, for the “ heating of the building.” It apparently was not expected *446 that fires would be necessary to heat the bricks and mortar while the outside walls were being erected. It is also very properly argued by the attorney for the Government that it, is a difficult matter for the court to estimate the loss to the plaintiffs occasioned by this postponement of brickwork into severe weather. From the nature of the case it was impossible for the plaintiffs to give any exact figures as to this item, and it is necessarily somewhat speculative. But that considerable loss did occur because of this postponement is self-evident, and is shown by the findings, and the sum named in finding 3, thirty-five hundred dollars ($8,500), is believed to be well proven and reasonable in amount.
III. The next item is for loss on account of the kind of brick furnished by the Government to be used in the “ facing ” of the outside walls. The brick so furnished were hard paving brick, never designed for use in the construction of buildings, different in size and shape from ordinary building brick, and with rough ends. This fact necessitated their being laid in the walls with what is known as “ blind headers,” and it was so ordered by the government inspector in charge. They did not “ size up ” with the other brick used in the construction of the building, and were so hard that they could not be shaped in the ordinary manner to make the “ blind headers.”
The findings show, and it is conceded by the Government, that the difference in the expense of laying these paving brick and ordinary building brick in the buildings in question was $3,750. But the Government urges that this loss comes within the numerous class of cases where it is held that under a contract providing, as in this case, that the decision of the engineer or superintendent in charge shall be final, his decision can not be impeached, except for fraud, bad faith, or a failure on his part to exercise an honest judgment. (Kennedy v. United States, 24 C. Cls. R., 139; Kihlberg v. United States, 97 U. S., 401.) But it is not attempted in this case to impeach the decision of the government inspector in charge of the work. On the contrary, the findings show that his decision as to the manner in which .these paving bricks should be laid was necessary and right.
*447 The grievance of which the plaintiffs complain was the change-of material provided by. the contract and not the decision of the inspector as to the manner of using such material. The contract called for the use of “ sound, hard, well-burned brick,” and, instead, paving brick never designed for use in the construction of buildings were' furnished. That this was an unauthorized deviation from the terms of the contract is not susceptible of discussion, and when such change increases the cost of the work of the contractor he is entitled to recover for the reasonable cost of such increased work. (Dermott v. Jones, 2 Wallace, 1; Henderson Bridge Co. v. McGrath, 134 U. S., 260.) In Dermott v. Jones, supra, the court said: “ If, by the fault of the defendant, the cost of the work or materials has been increased, in so far the jury will be warranted in departing from the contract prices.” (Id., 9.)
IV. The next item ($100) claimed is for extra' work caused by the change of location of one of the buildings, after considerable work had been performed at the location first designated by the Government. This item needs no discussion and is allowed at the amount admitted to be reasonable for the change made, by the government inspector in charge.
The same observation can be made as to the last item of $100 for the increased cost of constructing one of the walls 13 inches thick instead of 9 inches, as provided in the contract, as this item is undisputed.
It is averred in the petition that loss occurred.to the plaintiffs by reason of extra expense incurred in the obtaining of laborers after the delay occasioned by the Government; a claim is also made for increased cost by way of interest on money borrowed to carry on the work. The evidence on these items is too indeterminate and problematical to warrant any finding or judgment,'even conceding that loss of the character indicated can be recovered. (1 Sutherland on Damages, 74; Chouteau v. United States, 95 U. S., 61, 68; Hyde v. United States, 38 C. Cls. B., 649, 662.)
Judgment is ordered for the plaintiffs in the sum of $8,740.