Peelle, Ch. J.,
delivered the opinion of the court:
This action is brought for the recovery of additional expenses alleged to have been incurred by the claimant, because of contradictory orders of the engineer in charge for work done under a contract dated July 17, 1899, for the construction of dams and shore protection of brush and rock in the Mississippi River, between Lansing, Iowa, and Cassville, Wis.
Paragraph 3 of specifications 36, made part of the contract, provides:
“Between Lansing and Cassville. — Amount available, $38,000. Probable operations, a series of dams above Harpers Slough and repair and reinforcement of the dams and shore protections in Harpers and Crooked Sloughs. Exigencies' may call for work below Lynxville, at Valley Crossing, or in Guttenberg Channel. Bids for this section will be canvassed on the basis of one (1) yard rock to one and one-half (1J) yards brush.”
After the execution of the contract in the fall of 1899 the claimant, having other contracts for like improvements between other points on said river, was, upon inquiry therefor, informed by the engineer in charge that about all the work which would be required under the contract between Lansing and Cassville would be done in Crooked Slough and Harpers Slough. Later, by letter dated April 10, 1900 (set forth in Finding IV), the engineer directed the claimant “ To commence work at once on either your ‘ Burlington to Montrose ’ contract or your ‘ Lansing to Cassville ’ contract.” . And thereupon the claimant began work at Harpers Slough, and continued there until about one-half of the work had been done, when, in June, 1900, the engineer in charge', by reason *487 of the exigencies which then existed, directed the claimant to proceed to the construction and repair of dams between said Lansing and Cassville at a place called Guttenberg Channel, distant 32| miles from Harpers Slough. The claimant without protest or objection proceeded to Guttenberg Channel and was kept at work there until the contract was completed, when, without protest or objection, he accepted the contract price and presented no claim for additional work until the filing of his petition in this court January 8, 1906.
The claimant’s contention is that when the officer in charge informed him'that about all the work under the contract would be done at Crooked Slough and Harpers Slough in the vicinity of Lynxville, between Lansing and Cassville, it was in effect an irrevocable election, binding on the Government.
The officer was there as the agent of the Government to direct the work under the contract. That is to say, as provided in paragraph 1 of specification 36, he was to select the localities for the work, and if exigencies called for work below Lynxville at Guttenberg Channel, as it did in this case, it was the duty of the officer, under paragraph 3 of specification 36 above quoted, to direct the claimant to proceed thither to perform the work necessary to meet such exigencies. The claimant must be presumed to have made his bid with reference to exigencies so arising. He was informed that bids would “ be canvassed on the basis of one (1) yard rock to one and one-half (1|) yards brush.”
No statement made by the engineer in charge conflicting with the provisions of the contract can be held as binding on the Government. The contract made provision for exigencies that might call for work below Lynxville, of which the claimant was advised before making his bid. While the statement of the officer doubtless caused the claimant to assemble more materials at Harpers Slough than he otherwise would have done, still it can not be said that the work done at Guttenberg Channel as the contract provided was additional.
The claimant cites the cases of O'Hare v. District of Columbia (18 C. Cls., 646); Owen v. United States (44 C. Cls., 440); Becker v. New York (170 N. Y., 219); Moore v. United *488 States (46 C. Cls., 139); District of Columbia v. Gallaher (124 U. S., 505); and Roettinger v. United States (26 C. Cls., 391).
In the O'Hare case the engineer made a mistake in giving the grade for the excavation of a water main, and the contractor was required to take up the main and, as stated by the court, page 679, to lower the grade “ a second time.” For this extra work the claimant was held entitled to recover by this court and on appeal the judgment was affirmed without an opinion (122 U. S., 640).
In the Owen case the contractor was to furnish the materials and labor — except the brick — and erect a building. The Government delayed in furnishing the brick, and when it did furnish the same, they were so irregular in shape, color, and size as to require sorting, while other brick subsequently furnished was of such unusual kind as to require additional expense in laying. For the delay and for the extra expense caused by the Government the claimant was held entitled to recover.
In the Becher case the engineer made a mistake in giving the center line of a street, thereby causing additional work and loss to the contractor, for which he was held entitled to recover.
In the Moore case the engineer directed work to be done under a defective plan, which caused loss to the contractor and he was held entitled to recover.
In the District of Columbia case both parties put a construction upon the contract at variance with its literal meaning and the court held that, the work being done, the construction so placed upon it by both parties would prevail over the language of the contract, and in the absence of any agreement for a different price the court held that the contract price only could be recovered.
In the Boettinger case the contractor was required to complete the substructure of a dam within a given time and then the superstructure within a given time. The engineer stopped the work when the substructure was about half done, and during the following winter the claimant’s materials were washed away by a freshet; and to add to his loss the enginer changed the work so as to require the contractor *489 to use more stone on which there was no profit, and less brush on which there was a profit. The Government was held liable.
In the present case the engineer made no mistake alpout the work, nor was the claimant delayed or interfered with in the work, and while he was told that about all the work he would be required to do under the contract would be at Harpers Slough and Crooked Slough, the claimant was bound to know that such statement would not control in case of exigencies subsequently arising provided for by the contract; and, furthermore, assuming that the claimant had the right to rely on such statement, there was still a margin of work left to be done elsewhere. (Sample v. Upton, 42 N. W. R., 54.) But the court can not construe the statement of the engineer as a guaranty in the face of the contract, which provides for a change of work within the contract as exigencies might require. On the contrary, the claimant acquiesced in the performance of the work at Guttenberg Channel without protest or objection, and thereby in effect conceded the right of the engineer in charge to direct him as he did, notwithstanding he had previously informed him that about all of the work under the contract would be done at Harpers Slough.
For these reasons we must hold that the claimant is not entitled to recover, and his petition is dismissed.
Howry, J., was not present when this case was heard and took no part in its decision.